Legal Servicing, LLC v Gomez (2024 NY Slip Op 04068)

Legal Servicing, LLC v Gomez

2024 NY Slip Op 04068

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-04501
 (Index No. 612122/17)

[*1]Legal Servicing, LLC, respondent, 
v
Armando Gomez, et al., appellants.

Armando Gomez and Silvia Gomez, Jamaica, NY, appellants pro se.
Legal Servicing, LLC, Williamsville, NY (Annemarie E. Steward of counsel), respondent pro se.

DECISION & ORDER
In an action, inter alia, to set aside a transfer of certain real property as a fraudulent conveyance, the defendants appeal from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered March 21, 2022. The order, insofar as appealed from, denied the defendants' motion to vacate a judgment of the same court entered September 14, 2021, after a nonjury trial, which is in favor of the plaintiff and against the defendants, among other things, setting aside the subject transfer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to set aside a transfer of certain real property as a fraudulent conveyance. After a nonjury trial, the Supreme Court issued a judgment, among other things, setting aside the subject transfer. The defendants moved to vacate the judgment. In an order entered March 21, 2022, the court, inter alia, denied the motion. The defendants appeal.
Pursuant to CPLR 5015(a), a court that rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the grounds of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692). "In addition to the grounds set forth in [CPLR] 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226; Vargas v New York City Tr. Auth., 206 AD3d 783, 784). However, "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through [fraud,] mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 692-693; CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1008).
Here, the Supreme Court properly denied the defendants' motion to vacate the judgment. The defendants failed to articulate a basis for vacating the judgment pursuant to CPLR [*2]5015(a) and failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice (see CitiMortgage, Inc. v Maldonado, 171 AD3d at 1009; Nationstar Mtge., LLC v Russo, 167 AD3d 913, 915).
We decline the plaintiff's request to impose sanctions against the defendants for prosecuting an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
The plaintiff's remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court